IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KERRY W. KOON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:25-cv-00735-BHH |
| ) | |
| JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; ) | **COMPLAINT FOR DAMAGES** |
| and JOHN DOE 4, ) | **AND INJUNCTIVE RELIEF** |
| ) | |
| Defendants. ) | |

Plaintiff Kerry W. Koon ("Plaintiff" or "Koon"), by and through his undersigned counsel, hereby submits this Complaint, showing the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff is an attorney licensed in the State of South Carolina who is a citizen of South Carolina doing business as Kerry W. Koon, Attorney at Law, with his principal place of business located in Charleston, South Carolina.

2.

Upon information and belief, Defendant John Doe 1 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

1

3.

Upon information and belief, Defendant John Doe 2 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

4.

Upon information and belief, Defendant John Doe 3 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

5.

Upon information and belief, Defendant John Doe 4 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

6.

Defendant John Doe 1 is the named owner of a bank account at Citibank, bank account number xxxxxx8067 (the "Citibank 8067 Account").

7.

Defendant John Doe 2 is the beneficial owner of the Citibank 8067 Account.

8.

John Doe 3 is the owner of one or more accounts to which funds from the wire fraud alleged herein were subsequently transferred by participants and conspirators in the fraud alleged herein.

9.

John Doe 4 is a person who directed the activities of the criminal enterprise alleged herein, including the wire fraud at issue in this case.

10.

Jurisdiction and venue are proper in South Carolina federal and state courts pursuant to the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, as Defendants purposely directed activities with the forum or a resident thereof; performed acts whereby they purposely availed themselves of the privilege of conducting activities in South Carolina; the claims asserted herein arise out of and relate to Defendants' forum-related activities; and the exercise of jurisdiction comports with fair play and substantial justice.

11.

Jurisdiction is also proper because Defendants committed intentional acts, purposely aimed by Defendants at an South Carolina business with a banking relationship in South Carolina, causing harm that the Defendants knew or should have known was likely to be suffered in South Carolina. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); Calder v. Jones*, 465 U.S. 783, 788 (1984). Defendants knowingly reached out to a South Carolina attorney regarding a South Carolina real estate transaction for the purpose of diverting funds to accounts unrelated to the attorney or the transaction.

7559092v.1

12.

A substantial part of the events underlying Plaintiff's claims took place in this District, in that the perpetrators of the fraud alleged herein targeted employees of Plaintiff located in Charleston, South Carolina, by providing false wire instructions to divert funds to Defendants and their co-conspirators. South Carolina has a substantial interest in providing a forum, rendering jurisdiction and venue in this Court proper.

13.

The exercise of jurisdiction by this Court over Defendants and banks and other persons and entities acting in concert with Defendants would not violate fairness and substantial justice.

14.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question as to the RICO claims) or, alternatively, § 1332 (diversity of citizenship, as the amount in controversy exceeds $75,000 and, upon information and belief, the Defendants are citizens of states other than South Carolina).

15.

Venue is proper in the courts located in and covering South Carolina and in this Division, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Charleston, located within the District of South Carolina.

FACTUAL BACKGROUND

16.

At all times relevant to this Complaint, Plaintiff has been an attorney licensed to practice in the State of South Carolina, with offices in Charleston.

4

7559092v.1

17.

At all times relevant to this Complaint, Plaintiff had a business banking relationship with Wells Fargo Bank and maintains an account at Wells Fargo (the "Wells Fargo Account") in connection with his law practice.

18.

In October and November 2024, Plaintiff was assisting as the buyer's counsel with closing a transaction for the purchase of real estate located in Charleston, South Carolina. The transaction closed on November 12, 2024 (the "Real Estate Closing").

19.

Prior to November 12, 2024, Defendants and their co-conspirators, hacked into communications among the parties to the Real Estate Closing through unknown means, posed as parties related to the Real Estate Closing, and delivered to Plaintiff false wire instructions ("Fraudulent Wire Instructions") directing that Plaintiff wire a mortgage paydown to the Citibank 8067 Account.

20.

In reliance on the Fraudulent Wire Instructions, Plaintiff wired from his Wells Fargo Account the sum of $701,455 to the Citibank 8067 Account (the "Wire Transfer").

21.

The Citibank 8067 Account is owned by John Doe 1. Upon information and belief, John Doe 1 is not a party to and does not have a legitimate business interest in the Real Estate Closing.

22.

The owners of the Citibank 8067 Account and subsequent accounts to which the Wire Transfer may have been transferred (the "Recipient Accounts") are unknown, but upon

information and belief, they are persons operating or recruited by a fraudulent enterprise for the purpose of moving funds beyond the reach of Plaintiff and Court process.

23.

Upon information and belief, the Defendants may be using one or more shell corporations, other accounts, and digital currency for the purpose of diverting and laundering Plaintiff's funds.

24.

Because of the fraudulent wire instructions supplied by Defendants or their co-conspirators, the Wire Transfer was transferred from Plaintiff's Wells Fargo Account into the Citibank 8067 Account and the Recipient Accounts, to persons not affiliated with Plaintiff or the Real Estate Closing.

25.

Defendants are individuals or businesses whose names are unknown, but who own the Recipient Accounts that received the Wire Transfer, directed the fraudulent scheme alleged herein, and who either acted with knowledge of the fraudulent nature of the fraud upon the parties to the Business Transactions or with reckless indifference to the improper things they were doing or being asked to do as instrumentalities of the fraudulent scheme.

26.

Upon information and belief, Defendants' co-conspirators are individuals or businesses whose names are unknown, but who directed the fraudulent scheme alleged herein, including but not limited to: (1) directing that Defendants set up the Recipient Accounts and receive the Wire Transfer for fraudulent purposes; (2) planning and engaging in the fraud that preceded the Wire Transfer; and (3) receiving, negotiating, or disposing of the funds from the Wire Transfer.

27.

Submitted as Exhibit 1 with Plaintiff's Motion for Ex Parte Temporary Restraining Order and for Preliminary Injunction is the declaration of Plaintiff.

28.

Plaintiff seeks the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who own the Citibank 8067 Account and who engaged in the fraudulent email wire instructions and assertion of dominion over funds from the Wire Transfer.

29.

Upon information and belief, Defendants and their co-conspirators accessed, used, transferred, converted, withdrew, and stole the funds that Plaintiff transferred to the Citibank 8067 Account.

FIRST CLAIM FOR RELIEF – CIVIL RICO

30.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

31.

Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq*.

32.

Defendants and their co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of Wire Transfer and other money-laundering methods to divert and hide

7559092v.1

fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of Bitcoin and other digital assets to abscond with Plaintiff's funds, and conducting financial transactions with proceeds of unlawful activity. Upon information and belief, Defendants and their co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

33.

Plaintiff has suffered damages in excess of $701,455, which damages were proximately caused by Defendants' RICO violations and Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants should be liable to Plaintiff.

34.

The transactions by Defendants alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Recipient Accounts and other accounts used in the scheme, along with funds from other, similar fraudulent schemes targeting other persons and entities in South Carolina and other States, territories, and countries.

35.

Upon information and belief, Defendants' transactions alleged herein were not isolated in light of the complex nature of the scheme to hack email accounts, intercept communications, and fraudulently direct and divert funds to the Recipient Accounts.

36.

Defendants and their co-conspirators engaged in secrecy, disguising and hiding their true identities from Plaintiff directing funds be wired from the Wells Fargo Account to the Citibank 8067 Account using false identities. This secrecy and subterfuge demonstrate intentional conduct

8

by Defendants. See, e.g., *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

37.

Defendants and their co-conspirators went to great lengths to hide their scheme from Plaintiff, including hiding their identities, supplying false wire instructions, and soliciting participants to accomplish the ends of the scheme.

38.

Plaintiff has suffered damages in excess of $701,455, which damages were proximately caused by Defendants' RICO violations, and Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are liable to Plaintiff.

## SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

39.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

40.

Defendants and their co-conspirators directed and diverted funds from Plaintiff's Wells Fargo Account to be transferred into the Citibank 8067 Account and the Recipient Accounts for the benefit of Defendants and their co-conspirators. These funds constitute money which Defendants are not entitled in good conscience to retain and which in equity and good conscience, they should pay to Plaintiff.

41.

Defendants have the obligation in equity and good conscience to repay the funds that were transferred by the Wire Transfer to the Recipient Accounts, which funds were wired into said account as the result of fraud.

42.

Defendants have caused damage to Plaintiff by transmitting the Fraudulent Wire Instructions directing the Wire Transfer, and fraudulently taking funds from Plaintiff's Wells Fargo Account, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

THIRD CLAIM FOR RELIEF – FRAUD

43.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

44.

Defendants and their co-conspirators obtained funds from Plaintiff's Wells Fargo Account through a fraudulent scheme as alleged above. Defendants and their co-conspirators either committed these acts themselves or acted through agents over whom they controlled the time, manner, method and means of committing the fraud, or with a co-conspirator, for the purpose of transferring the funds into the Citibank 8067 Account and subsequent Recipient Accounts.

45.

Defendants knew they did not own the funds from the Real Estate Closing, and they and their co-conspirators provided fraudulent documents for the purpose of fraudulently obtaining the funds from Plaintiff's Wells Fargo Account.

46.

Defendants intended that Plaintiff rely on their misrepresentations as to their identity and the affiliation of the Citibank 8067 Account and the Fraudulent Wire Instructions with the Real Estate Closing.

47.

Plaintiff foreseeably relied on the Fraudulent Wire Instructions and the aforesaid misrepresentations by Defendants.

48.

The actions of Defendants constitute fraud for which Plaintiff is entitled to recover damages from Defendants.

49.

Defendants committed fraud, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

50.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

51.

Upon information and belief, Defendants conspired and agreed with each other and with one or more other persons and entities to commit the fraudulent acts set forth herein.

52.

As set forth above, Defendants and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move, through a series of transactions, funds from Plaintiff's Wells Fargo Account to the Recipient Accounts.

53.

Plaintiff was damaged by the aforesaid conspiracy, for which Defendants are liable in damages.

FIFTH CLAIM FOR RELIEF

UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

54.

Plaintiff hereby incorporates the preceding paragraph of this Complaint by reference.

55.

As set forth above, Defendants fraudulently obtained funds rightfully belonging to Plaintiff through a series of acts that ultimately caused Wells Fargo to wire $701,455 from Plaintiff's Wells Fargo Account to the Citibank 8067 Account and, subsequently, to other Recipient Accounts.

56.

Defendants and their co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

57.

A constructive trust should be imposed on all funds traceable to the Wire Transfer to prevent unjust enrichment of Defendants and their co-conspirators.

SIXTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF

58.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

59.

There is a substantial likelihood that Plaintiff will prevail on the merits of its claims. If this injunction is not granted, Plaintiff stands to suffer irreparable injury, loss and damage if Defendants or their co-conspirators further negotiate funds from the Citibank 8067 Account or

7559092v.1

subsequent Recipient Accounts or use proceeds from the stolen funds in or from these accounts. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Recipient Accounts, Defendants are likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendants. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

60.

An injunction, including but not limited to an asset freeze and a freeze on the Citibank 8067 Account, subsequent Recipient Accounts, and all other accounts of Defendants and accounts containing funds traceable to the Wire Transfer, is warranted and should be issued on a temporary and permanent basis pursuant to Federal Rule of Civil Procedure 65. The injunction should restrain Defendants, all persons acting in concert with or in participation with any of them, their officers, directors, beneficial owners, signatories, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendants and their co-conspirators and any other assets of Defendants and their co-conspirators from accounts associated with or utilized by any of the Defendants and their co-conspirators, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, into or out of any accounts associated with or utilized by any of the Defendants,

regardless of whether such accounts are located in the United States or abroad, including but not limited to the Recipient Accounts. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendants.

## SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

61.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

62.

Upon information and belief, Defendants engaged in willful and wanton or, alternatively, reckless conduct. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants pursuant to S.C. Ann. § 15-32-520.

WHEREFORE, Plaintiff prays for the following relief:

1) That process issue in accordance with the law;

2) That Plaintiff have a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated by Defendants, including but not limited imposing an asset freeze on assets of Defendants, Defendants' accounts, the accounts of all beneficial owners of the Recipient Accounts and signatories on the Recipient Accounts, including but not limited to the Recipient Accounts, and all other accounts which received the fraudulently transferred funds set forth herein;

3) That Plaintiff be awarded compensatory, nominal, treble, general, and punitve damages against Defendants;

4) That Plaintiff be awarded all costs of this action and attorneys' fees against Defendants; and

5) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

This, the 10th day of February, 2025.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

By:  s/Douglas W. MacKelcan
  DOUGLAS W. MACKELCAN
  Federal Bar No.: 10058
  SHANA S. SMITH
  Federal Bar No.: 13774

40 Calhoun Street, Suite 400
Charleston, SC 29401
dmackelcan@csvl.law
ssmith@csvl.law
Ph: 843-727-0307

*Counsel for Plaintiff Kerry W. Koon*

- and -

COPELAND, STAIR, VALZ & LOVELL, LLP

By:  /s/Mark D. Lefkow
  MARK D. LEFKOW
  Georgia Bar No. 004289
  *(Pro Hac Vice Motion pending)*
  *Counsel for Plaintiff Kerry W. Koon*

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
Phone: (404) 522-8220
Fax: (404) 523-2345
Email: mlefkow@csvl.law

7559092v.1